```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

DANIEL MARK HUDSON                              CIVIL ACTION

VERSUS                                          NO: 12-052

MERRILL LYNCH INTERNATIONAL                     SECTION: R(1)
FINANCE INCORPORATED AND
MERRILL LYNCH PIERCE FENNER &
SMITH INCORPORATED
```

## ORDER & REASONS

Before the Court are the following two motions: (1) Motion For the Court to Enter an Order that Confirms and Enforces an Award of a Panel of Arbitrators by plaintiff Daniel Mark Hudson and (2) Motion to Confirm and Enforce an Award of a Panel of Arbitrators by defendants Merrill Lynch International Finance, Inc. and Merrill Lynch Pierce Fenner & Smith, Inc. Also before the Court are the supplemental memoranda of counsel on the issue of whether the arbitration award should be remanded to the original arbitrator to clarify whether the award issued to Hudson consisted of wages from which Merrill Lynch would withhold taxes, or Hudson was to receive the entire sum awarded. The Court finds that the award unambiguously requires Merrill Lynch to pay Hudson damages in the amount of $768,399.26. Plaintiff's motion is therefore GRANTED and the arbitration award CONFIRMED.

**I. BACKGROUND**

The facts of this case are largely uncontested.  In January 2009, plaintiff Daniel Mark Hudson, a financial advisor, participated in an employee program created by defendants Merrill Lynch Pierce Fenner & Smith Incorporated ("MLPFS") and Merrill Lynch International Finance, Incorporated ("MLIFI").  The program was designed as an incentive to retain certain employees when Bank of America bought Merrill Lynch in 2009.[1]  The program, called the Advisor Transition Program Agreement ("ATPA"), involved a single lump sum payment by MLIFI to the employee in the form of a loan: $872,517 in the Plaintiff's case.  The employee would then pay back the loan, plus interest, over an eighty-four (84) month period during which MLPFS would deduct the payments from his salary.[2]  On January 7, 2009, plaintiff signed a promissory note agreeing to the terms above as well as agreeing that, should his employment be terminated for any reason, he would immediately owe the remaining balance on the loan.[3]

In December 2009, eleven months after signing the promissory note, plaintiff's employment with defendants was terminated under disputed circumstances.[4]  In that same month, defendants demanded

---

[1] R. Doc. 9-8 at 2.

[2] R. Doc. 9-1 at 4.

[3] R. Doc. 9-1 at 4.

[4] R. Doc. 9-1 at 6.

that plaintiff pay the outstanding balance on his loan, as per the agreement - at that time $768,399.26.[5] Hudson declined and disputed the alleged debt, which led to the commencement of arbitration through the Financial Industry Regulatory Authority soon thereafter.[6] During arbitration, defendants requested relief in the amount of $768,399.26, interest on that principal in the amount of 3% per annum, attorney's fees and costs, and additional relief as deemed appropriate by the arbitration panel.[7] In response, plaintiff requested that all defendants' claims be dismissed, and additionally filed claims for damages for the following: (1) defamation, (2) invasion of privacy, (3) intentional infliction of emotional distress, (4) unlawful age discrimination, (5) earned but unpaid Merrill Lynch Production Awards, and(6) fourteen other alleged earned but unpaid compensation awards.[8]

In December 2011, the arbitration panel issued its award in three parts: (1) MLPFS was ordered to pay plaintiff $768,399.26 in "damages" under the ATPA, (2) plaintiff was ordered to pay MLIFI $768,399.26 as the balance due on his promissory note and

---

[5] R. Doc. 9-7 at 2.

[6] R. Doc. 9-1 at 6.

[7] R. Doc. 9-11 at 3.

[8] *Id.* at 3-4.

(3) plaintiff was ordered to pay $76,560 in attorney's fees.[9]  No party challenges the arbitration panel's award or their methodology in arriving at the award, and plaintiff paid the $76,560 for attorney's fees in January 2012.[10]  But the remaining balance of the award is contested.  Defendants contend that the "damages" award to Hudson is for "wages" and thus MLPFS is required to withhold $246,834.26 worth of taxes from the amount that it owes the plaintiff.[11]  Plaintiff, on the other hand, contends that the award is for damages and not back pay or wages and that MLPFS owes him the full $768,399.26.[12]  Plaintiff further argues that, even if the award were wages, he must be allowed to calculate and pay those taxes himself, rather than relying on his former employer to do so for him.[13]  He also contends that he should not have to pay MLIFI before MLPFS pays him.[14]  These disputes over the interpretation of the arbitration award have resulted in the lawsuit at bar.

---

[9] R. Doc. 9-1 at 7.

[10] *Id.* at 8.

[11] *Id.* at 9-10.

[12] R. Doc. 26 at 4.

[13] *Id. at* 9.

[14] R. Doc. 9-1 at 15-16.

## II. STANDARD

Under the Federal Arbitration Act, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration ... any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9; *see also Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). A district court's review of an arbitration award is exceedingly narrow, and the Federal Arbitration Act provides only a limited set of circumstances under which a court may disrupt an award. 9 U.S.C. §§ 10, 11 (listing grounds for vacation or modification such as fraud, partiality, misconduct, or "evident material miscalculation"); *see also Citigroup Global Markets v. Bacon*, 562 F.3d 349, 352 (5th Cir. 2009). The federal courts will defer to the arbitrators' resolution of the dispute whenever possible. *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990). The Congressional policy of promoting arbitration requires that courts do not intrude unnecessarily into questions that have been settled by an arbitration process agreed to by the parties. *Id.* A party who wishes to move to vacate, modify, or correct an award must serve notice of the motion upon an adverse party within three months

after the award is filed or delivered. 9 U.S.C. § 12.  No such opposition has been filed in this matter.

**III. Discussion**

At issue is whether the damages awarded to Hudson are intended to be wages from which Merrill Lynch must withhold taxes, or if the full amount awarded should be paid to Hudson. Although the Fifth Circuit has permitted remand for clarification of ambiguous arbitration awards,[15] remand is unnecessary in this case because the arbitration award is clear.  The award reads in part:

> Respondent [Daniel M. Hudson]'s counterclaim is granted as to enforcement of the Advisor Transition Program Agreement and Amendment, both dated November 14, 2008, against Claimant/Counter-Respondent Merrill Lynch, Pierce, Fenner & Smith, Inc.  Accordingly, Claimant Merrill Lynch, Pierce, Fenner & Smith, Inc. is liable for and shall pay to Respondent damages in the amount

---

[15] While the doctrine of *functus officio* generally bars an arbitration panel from revisiting a past final judgment, the Fifth Circuit has held that remand for clarification of the original award – as opposed to vacatur of the original award coupled with a new one – is appropriate. *See Brown v. Witco Corp.*, 340 F.3d 209, 211 (5th Cir. 2003)(district court was correct in remanding and ordering the arbitrator to specify how to calculate an award – there, back-pay – owed by one party to the other.); *Weinberg v. Silber*, 140 F.Supp.2d 712, 722 (N.D. Tex. 2001)(citing *San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Div.*, 481 F.2d 821, 825 (5th Cir. 1973)("[t]he Fifth Circuit has made clear that when statements or directives in an arbitration award are ambiguous, remand to the arbitrator for clarification is proper.").

>of $768,399.26, pre- and post-judgment interest specifically excluded.[16]

The award is textually clear that MLPFS must pay "damages in the amount of $768,399.26" to Hudson. The panel made no mention of "withholdings" and did not say that MLPFS was to pay Hudson a lesser amount based on Merrill Lynch's computation of Hudson's tax obligations. Further, the exact matching of the amount Hudson was found to owe Merrill Lynch and the amount Merrill Lynch was found to owe Hudson (both $768,399.26) suggests that the arbitration panel intended for this award to be a "wash."

The defendants' argument that the award, although it is labeled as "damages," is intended to be "wages" from which Merrill Lynch should withhold taxes, goes to ambiguity in the arbitration panel's justification for the award. But ambiguity in the reasons for the award must not be mistaken for ambiguity in the award itself. "Arbitrators have no obligation to the court to give their reasons for an award." *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598 (1960); *See also Kurt Orban Co. v. Angeles Metal Sys.*, 573 F.2d 739, 740 (2d Cir. 1978)("Arbitrators are not required to disclose the basis upon which their awards are made...; courts will not look beyond the lump sum award in an attempt to analyze the reasoning processes of the arbitrators"). Because the award is clear that

---

[16] R. Doc. 15-1 at 4.

7

Merrill Lynch is to pay Hudson the lump sum of $768,399.26, and defendants have not argued or established that the award is subject to modification by the Court for any of the narrow reasons set out in the Federal Arbitration Act, the Court confirms the award. To the extent that Hudson owes taxes on the awarded amount, it is his responsibility to pay them.

New Orleans, Louisiana, this 20th day of November, 2012.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE